Matter of Ferrari v Darcon Constr. Inc. (2019 NY Slip Op 02186)





Matter of Ferrari v Darcon Constr. Inc.


2019 NY Slip Op 02186


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526308

[*1]In the Matter of the Claim of RICHARD FERRARI, Appellant,
v
DARCON CONSTRUCTION INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Law Offices of Joseph A. Romano, PC, New York City (Joseph A. Romano of counsel), for appellant.
Cullen and Dykman LLP, New York City (Elio M. Di Berardino of counsel), for Darcon Construction Inc. and another, respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed May 4, 2017, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a construction worker, filed a claim for workers' compensation benefits in May 2016 asserting that he had sustained work-related injuries when he tripped and fell on broken concrete. Following hearings, a Workers' Compensation Law Judge disallowed the claim upon finding, among other things, that claimant's testimony was inconsistent and that substantial evidence to the contrary demonstrated that his injuries were not the result of an accident arising out of and in the course of his employment. Upon administrative review, the Workers' Compensation Board upheld that decision, and this appeal by claimant ensued.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018] [internal quotation marks and citations omitted]; accord Matter of Buccinna v Pembroke Cent. Sch. Dist., 165 AD3d 1369, 1370 [2018]). Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1357; Matter [*2]of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]; Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [2018]).
Claimant testified that, while assisting a cement truck driver back up his truck, he tripped over a "hole on the floor that [he] didn't see," but later clarified that it was a piece of broken concrete that caused his trip and fall. Claimant stated that the driver of the truck witnessed the accident and exited the truck to assist him, but the driver, in his sworn statement, only stated that he saw claimant on the ground and did not claim to have seen the alleged accident occur. Claimant averred that he spoke to both the foreperson and the safety director, who he could not identify by name, about the accident no later than the day after it occurred. Both the employer's project manager and senior superintendent, however, testified that they were unaware of the foreperson who claimant allegedly spoke to, and that they did not learn of the alleged accident until later that year when they were contacted by either an attorney or the employer's workers' compensation carrier. Claimant also could not recall whether he signed a report or anything else to document the alleged accident. Significantly, he explained that, although he was allegedly unable to work due to his injuries, he did not seek medical treatment until several weeks after the alleged accident. The Board found that the witnesses for the employer and carrier were more credible than claimant. The Board is entitled to deference in its credibility assessments, and we therefore find substantial evidence in the record to support its determination that claimant's injuries did not arise out of and in the course of his employment (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358; Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 967 [2018]; Matter of Devis v Mountain States Rosen LLC, 157 AD3d at 1149-1150). Claimant's remaining contentions, to the extent not specifically addressed, are either academic or lacking in merit.
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.